**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CARLOS PRIESTER, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 10 C 2056<br>)<br>) Judge Joan H. Lefkow<br>) |
| MARCUS HARDY, Warden, Statesville Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Carlos Priester is serving a 40-year sentence in the Statesville Correctional Center in Joliet, Illinois, for first-degree murder and unlawful use of a weapon. He has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the petition is denied.

**BACKGROUND**

The following facts are taken from the state court opinions, primarily from the Illinois Appellate Court's opinion affirming the trial court's judgment. *See Todd* v. *Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The state court factual findings that are reasonably based on the record are presumed to be correct, and Priester has the burden of rebutting this presumption by clear and convincing evidence. *Id.*; 28 U.S.C. § 2254(e)(1).

On January 4, 1999, Carlos Priester and Jamal Jones were arrested and charged with murder in the execution-style shooting death of Jerry Kennedy as part of an alleged botched drug deal. Police responded to a report of gunshots being fired into a vehicle. Priester and Jones were apprehended by Chicago police shortly afterward as Jones fled in the car and Priester tried to flee

on foot. The victim had been pulled out of the car onto the ground. Priester had bloodstains on his clothing and was carrying two handguns, a blood-soaked jacket, and a bank statement bearing Jones's name when he was apprehended. He was taken to the police station, where he waived his *Miranda* rights and signed a statement admitting to shooting at Kennedy. Priester's statement asserts that he and Jones and Kennedy were outside the car arguing about a bad batch of drugs that Jones had received from Kennedy. According to Priester's statement, he and Jones sold drugs together and Kennedy was one of their suppliers. Jones took out a handgun and told petitioner, "I'm gonna get this cat," before the three men got into the car. Priester took out his handgun, hid it in the waistband of his pants, and then followed Jones to the car. Jones got into the driver's seat, Kennedy sat in the front passenger seat, and Priester sat in the rear of the car. Jones retrieved a gun from inside the car and began firing shots at Kennedy. Priester claimed he then pulled his own gun and began shooting wildly into the front seat area in a panic.

Before trial, Priester's and Jones's attorneys filed discovery motions requesting to examine the vehicle in which the shooting occurred. The State's crime lab had mistakenly returned the vehicle to the Hertz car rental company, however, and Hertz later sold the car. The trial court denied Priester's motion to dismiss the indictment against him based on the State's failure to preserve the car.

Priester and Jones were tried in severed, simultaneous trials before separate juries. Priester testified in his own defense and denied saying many of the things that were contained in his signed statement. Priester testified that he had sat passively in the back seat of the car while Jones and the victim argued and that he saw Jones shoot the victim. In response, Priester panicked and fired wildly into the front seat of the car. An eyewitness, however, testified that he

2

saw Priester standing by the opened passenger door of a vehicle and firing a handgun into the vehicle. Priester was convicted of first-degree murder on the accountability theory under Illinois law.[1] In his joint appeal with Jones to the Illinois Appellate Court, Priester argued four grounds for reversal: (1) the trial court failed to provide a self-defense and second-degree murder jury instruction; (2) the trial court excluded a hearsay statement Priester gave to an arresting officer in violation of his Sixth Amendment rights; (3) he was denied a fair trial as a result of improper closing argument by the State; and (4) the State's failure to preserve the vehicle as evidence violated due process. The appellate court rejected these arguments and affirmed Priester's conviction. Priester filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, arguing only the jury instruction issue. That court denied his PLA on September 27, 2006.

Priester then filed an unsuccessful *pro se* post-conviction petition with the Circuit Court of Cook County on March 22, 2007, arguing that his trial counsel was ineffective for failure to call a trajectory expert and failure to cross-examine the state's forensic experts effectively. On appeal, the Illinois Appellate Court rejected this argument as without merit and affirmed his conviction. The Illinois Supreme Court declined to grant his PLA on September 30, 2009.

**LEGAL STANDARD**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court may not grant a petition for writ of habeas corpus unless a state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1] *See* 720 Ill. Comp. Stat. 5/5-2(c): "A person is legally accountable for the conduct of another when . . . either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he or she solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense."
.

Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before reviewing the state court decision, however, the court must determine whether the petitioner fairly presented his federal claims to the state courts, as any claim not presented to the state's highest court is deemed procedurally defaulted. *O'Sullivan* v. *Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). "The petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz* v. *Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). To qualify as fair presentment, the claim must be asserted on one complete round of state court review, either on direct appeal or in post-conviction proceedings. *Lewis* v. *Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). In Illinois, this means appeals up to and including the filing of a petition for leave to appeal to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 845–46. When a petitioner has failed to fairly present his federal constitutional claim to the state courts and the opportunity to raise that claim has passed, the claim is procedurally defaulted for purposes of federal habeas review. *Gonzales* v. *Mize*, 565 F.3d 373, 380 (7th Cir. 2009).

## DISCUSSION

Priester asserts four claims before this court: (1) the state's failure to preserve the vehicle in which the shooting took place and produce it in response to a defense discovery motion violated his due process rights under *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); (2) the trial court's refusal to admit Priester's potentially exculpatory statement to his arresting officer under the "excited utterance" hearsay exception denied him the opportunity

to qualify for a lesser-included charge of second-degree murder, in violation of the Sixth and Fourteenth Amendments; (3) statements the assistant state's attorney made to the jury during closing argument constituted prosecutorial misconduct; and (4) the failure of Priester's trial counsel to call a "trajectory expert" as witness and to question the state's forensic experts about specific tests performed on the recovered bullets denied him effective assistance of counsel.

## I. Procedurally Defaulted Claims

Respondent argues that Priester's first three claims are procedurally defaulted because of his failure to raise them to the Illinois Supreme Court. Priester responds that he "has filed motions and appealed his case through all court[s] [and] has exhausted all avenues" and "has not failed to exhaust fully his remedies before presenting his issues to this court." *See* Petr.'s Reply at 8, 10–11. Specifically, he argues that in the PLA he raised his *Brady* violation claim by reference to the vehicle in which the shooting took place. In the PLA, however, Priester merely refers to the car in summarizing the facts of the case and omits the issue of the State's failure to produce it as evidence during discovery. Therefore Priester did not present his *Brady* claim to the Illinois Supreme Court.

Federal courts may review defaulted claims only if (1) the petitioner shows cause for failure to raise the claim and actual prejudice resulting therefrom; or (2) refusal to consider the defaulted claim would result in a fundamental miscarriage of justice. *Guest* v. *McCann*, 474 F.3d 926, 930 (7th Cir. 2007). The Supreme Court has defined cause sufficient to excuse procedural default as "some objective factor external to the defense" which precludes a petitioner's ability to pursue his claim in state court. *Murray* v. *Carrier*, 477 U.S. 478, 488,

106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Priester does not argue, much less demonstrate, that he has cause for his failure to raise these claims.

Without cause, a defaulted claim is reviewable only where a refusal to consider it would result in a fundamental miscarriage of justice, where the constitutional violation has probably resulted in a conviction of one who is actually innocent. *Schlup* v. *Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). To show "actual innocence" to overcome procedural default on these grounds, Priester must present clear and convincing evidence that no reasonable juror would have convicted him if not for the alleged trial errors. *Id.* He must support his allegations "with new reliable evidence, whether exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Id.* at 324

No such evidence is presented here. In his reply, Priester asserts that he is in fact actually innocent; however, he produces no new evidence – testimonial, physical, or scientific – to support this claim. Instead, he merely recites the events that transpired the day of the murder from his own perspective and attacks the blood spatter evidence collected by police investigators. Priester fails to demonstrate that he fits within the "miscarriage of justice" exception necessary to overcome a procedural default. *See Duncan* v. *Hathaway*, 740 F. Supp. 2d 940, 950 (N.D. Ill. 2010) (claims did not fall within the exception where prisoner presented "only self-serving statements of his innocence, as well as neutral evidence that was available at trial").

Therefore, Priester's first three claims are procedurally defaulted and may not be considered by this court.

## II. Ineffective Assistance of Counsel Claim

Priester's claim of ineffective assistance of counsel was raised at every stage of his post-conviction proceedings and therefore is not procedurally defaulted. Priester argues that his trial attorney was ineffective for (1) his "failure to ask questions as to what [a] trajectory expert might have discovered had one been able to inspect the vehicle," and (2) his "failure to ask forensic experts exactly what tests were performed on the recovered bullets [and] if any DNA evidence was present." *See* Petr.'s Pet. at 6. Priester asserts that this expert testimony would have supported his version of events and resulted in either acquittal or a lesser-included offense. Respondent argues that Priester fails to demonstrate what the testimony would have revealed or how it would have altered the outcome of his case, and that the Illinois Appellate Court's rejection of Priester's claim "was not contrary to nor an unreasonable application of established Federal law" under AEDPA. *See* 28 U.S.C. § 2254(d).

Reversal of a conviction on the basis of ineffective assistance of counsel is only appropriate if the defendant can show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The standard for measuring counsel's performance "is that of reasonably effective assistance," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 687, 689. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. A court need not address both prongs of the

*Strickland* test if one provides the answer; that is, if a court determines that the alleged deficiency did not prejudice the defendant, the court need not consider the first prong. *United States* v. *Fudge*, 325 F.3d 910, 924 (7th Cir. 2003).

In its order affirming the lower court's dismissal of Priester's post-conviction petition, the Illinois Appellate Court found no prejudice to Priester from his trial attorney's alleged omissions. *See People* v. *Priester*, No. 1-07-1481 at 9 (Ill. App. Ct. Feb. 11, 2009) (unpublished opinion). Noting that Priester was convicted of first-degree murder on the accountability theory, the court concluded that Priester "was guilty of first-degree murder regardless of whether the jury believed his version of events or the State's." *Id*. at 4. The appellate court concurred with the trial court's finding that Priester "failed to make the required factual showing to sustain his claim where he failed to submit an affidavit from any of these potential witnesses and . . . failed to explain the significance of their testimony" and how it would alter the finding of guilt by accountability. *Id*. at 8–9.

Since the court determined, based on the record, that Priester could not establish the second prong of *Strickland*, or "a probability sufficient to undermine confidence in the outcome," Priester cannot show that the court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under AEDPA. *Strickland,* 466 U.S. at 694; 28 U.S.C. § 2254(d). Consequently, this court will not disturb the Illinois Appellate Court's decision.

**CONCLUSION AND ORDER**

For the foregoing reasons, Priester's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. Since reasonable jurists would not find this court's ruling debatable, *Slack* v. *McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), this court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

DATED: Feb. 21, 2012         ENTER: _____
                                     JOAN HUMPHREY LEFKOW
                                     United States District Judge